Robert F. Keehn, Esq. (115848)
rkeehn@rfk-law.com
Law Office of Robert F. Keehn
1875 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 551-6525 telephone
(310) 284-2654 facsimile

Attorney for Plaintiff
Simanthia Gaspard

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMANTHIA GASPARD,<br><br>　　　　　Plaintiff,<br>　　vs.<br>UNIVERSITY OF SOUTHERN CALIFORNIA LONG-TERM DISABILITY BENEFIT PLAN,<br><br>　　　　　Defendant. | Case No. 2:17-cv-05840<br><br>COMPLAINT FOR DECLARATORY RELIEF, PLAN BENEFITS AND ENFORCEMENT OF RIGHTS UNDER EMPLOYEE RETIREMENT INCOME SECURITY ACT<br><br>[29 U.S.C. § 1132(a)(1)(B)] |

Plaintiff SIMANTHIA GASPARD complains against defendant UNIVERSITY OF SOUTHERN CALIFORNIA LONG-TERM DISABILITY BENEFIT PLAN, as follows:

PRELIMINARY ALLEGATIONS

1.　　Plaintiff SIMANTHIA GASPARD (hereinafter "GASPARD" or "plaintiff") is an individual. At all relevant times, plaintiff was, and now is, a resident of the County of Los Angeles.

2.     Defendant UNIVERSITY OF SOUTHERN CALIFORNIA LONG-TERM DISABILITY BENEFIT PLAN (hereinafter "the USC LTD Plan" or "defendant") was at all relevant times, and now is, an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).

3.     At all relevant times, GASPARD was a "participant" in and/or "beneficiary" of the USC LTD Plan within the meaning of ERISA, 29 U.S.C. § 1002(7) and 29 U.S.C. § 1002(8), respectively.

4.     This Court has jurisdiction of this matter pursuant to ERISA, 29 U.S.C. § 1132(e)(1). Venue in this judicial district is proper under 29 U.S.C. § 1132(e)(2) in that the breach of the subject ERISA plan occurred here, and defendant may be found here.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief under 29 U.S.C. § 1132(a)(1)(B))

5.     Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 4, above.

6.     In or about March 2011, GASPARD became totally disabled and unable to work in her job at the University of Southern California. Plaintiff submitted a claim for benefits under the USC LTD Plan, and was approved by the then-claims administrator, Sedgwick CMS.

7.     The USC LTD Plan provides what is in essence an "own occupation" standard for the receipt of total disability benefits during the first 12 months of a participant's entitlement to benefits. Thereafter, and to age 65, the USC LTD Plan provides that:

> …[T]otal disability means that the Claims Administrator has determined that the condition for which the Participant is claiming

benefits is disabling within the meaning of Title II of the Federal Social Security Act as now or hereafter in effect.

8. Plaintiff is informed and believes that throughout its time as claims administrator for the USC LTD Plan, Sedgwick CMS quite logically interpreted and applied the foregoing plan provision so that a plan participant who had been awarded Social Security Disability Insurance ("SSDI") benefits was automatically deemed to satisfy the USC LTD Plan's requirements for benefits after 12 months of benefit entitlement. For example, in a March 6, 2012 letter to GASPARD, Sedgwick CMS advised plaintiff that she had been approved for total disability benefits from March 14, 2012 through March 13, 2013, and that in order to be considered disabled under the USC LTD Plan thereafter, "you must be approved for Social Security Disability benefits." GASPARD eventually was approved for SSDI benefits (resulting in a substantial overpayment that plaintiff promptly satisfied). But even *before* plaintiff received such approval, Sedgwick CMS at least twice advised her in writing that she had been approved for benefits under the USC LTD Plan through the end of the maximum benefit period.

9. Sedgwick CMS eventually was replaced as claims administrator by a different entity, Broadspire. Plaintiff is informed and believes that Broadspire quickly adopted a much more aggressive approach to the management of claims under the USC LTD Plan. This aggressive approach included, but was not limited to, the practice of deciding that participants who were receiving both benefits under the USC LTD Plan and SSDI benefits in fact no longer met the requirements for benefits after 12 months of benefit entitlement. In making such decisions, however, Broadspire did not come close to following the rules or procedures applicable to the Social Security Act.

10. Eventually GASPARD's claim fell victim to Broadspire's aggressive tactics. In letter dated July 28, 2016, Broadspire informed plaintiff that her disability benefits had been terminated as of July 1, 2016, some four weeks earlier.

In reaching its decision to terminate GASPARD's benefits, Broadspire relied heavily on a highly selective paper medical review. Plaintiff is informed and believes that at the time this paper review was performed, and that at the time Broadspire reached its adverse benefit determination, Broadspire did not even have, let alone consider, the portion of GASPARD's file developed during Sedgwick's time as claims administrator, which of course contained a great deal of medical evidence relevant to plaintiff's claim.

11. The USC LTD Plan requires a claimant to pursue two levels of administrative appeals following an adverse benefit determination. The first-level administrative appeal is adjudicated by the claims administrator (now Broadspire), while the second-level appeal is adjudicated by the University of Southern California (hereinafter "USC"). However, the plan document for the USC LTD Plan provides that a claimant may take legal action for benefits under the USC LTD Plan if USC fails to take any action with respect to a second-level appeal within 45 days following submission of the appeal.

12. Following the termination of her LTD benefits, plaintiff submitted two administrative appeals. The first-level administrative appeal submitted by GASPARD was rejected by Broadspire on November 8, 2016, based largely on another, highly-flawed paper medical review (and again, plaintiff is informed and believes, without the portion of the file previously developed by Sedgwick CMS). Plaintiff timely submitted her second-level appeal to USC on May 22, 2017.

13. USC failed to take any action whatsoever on the second-level appeal within 45 days of May 22, 2017.

14. On July 18, 2017, 57 days after plaintiff submitted her second-level appeal, the Executive Director of USC's Office of Benefit Administration – who has responsibility for deciding the second-level appeal, and therefore is a "fiduciary" within the meaning of ERISA – wrote to counsel for plaintiff, acknowledging receipt of plaintiff's second-level appeal and advising that "I am

extending the established deadline period in order to provide more time to conduct a more thorough review of Ms. Gaspard's claim internally." The July 18, 2017 letter also made it clear that USC had not yet even attempted to determine whether Broadspire had reviewed the Sedgwick CMS portion of plaintiff's file prior to terminating plaintiff's disability benefits.

15. On July 27, 2017, counsel for plaintiff emailed the Executive Director, informing her that although USC was permitted to allow itself a second 45-day period to decide a second-level appeal, that option was available 1) *only* if USC had notified the claimant in writing about the extension *before* the expiration of the initial 45-day period; 2) *only* if "special circumstances" required the additional time; and 3) *only* if the written notice of the extension explained the nature of the "special circumstances" and indicated a date by which a decision was expected. (See 29 C.F.R. § 2560.503-1(i)(1) and 29 C.F.R. § 2560.503-1(i)(3).) As counsel explained to the Executive Director, her July 18, 2017 letter failed to meet these requirements.

16. Counsel's July 27, 2017 email to the Executive Director also inquired why USC had waited 57 days to advise plaintiff regarding the purportedly necessary extension of time. In an email response the same day, the Executive Director explained: "*The delay was simply due to me losing track of time and the dates associated with the required ERISA filing deadlines*." (Emphasis added.)

17. In view of the foregoing violations of the USC LTD Plan, plaintiff has exhausted her administrative remedies. Alternatively, the second-level administrative appeal has been excused under the terms of the USC LTD Plan, or has been deemed exhausted pursuant to the Department of Labor's ERISA regulations, 29 C.F.R. § 2560.503-1(l).

18. A controversy has arisen and now exists between plaintiff and defendant regarding plaintiff's entitlement to disability benefits subsequent to June 30, 2016. Plaintiff contends that she is entitled to said benefits (and certainly will

be until the end of the maximum benefit period prescribed by the USC LTD Plan) as the result of her continuing disability and other factors properly to be taken into account. A judicial declaration of the parties' respective rights, obligations and liabilities therefore is necessary and appropriate at this time.

19. As a result of the dispute and disagreement explained above, it has become necessary for GASPARD to retain an attorney to enforce her rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

## SECOND CLAIM FOR RELIEF

(Plan Benefits and Enforcement of Rights under 29 U.S.C. § 1132(a)(1)(B))

20. Plaintiff incorporates herein by this reference as though fully set forth the allegations of Paragraphs 1 through 17, above.

21. As a result of the USC LTD Plan's wrongful actions as set forth above, GASPARD has been damaged in an amount to be shown according to proof, and accordingly is entitled to continued plan benefits under the USC LTD Plan, and an enforcement of her rights, in that amount.

22. As a result of the dispute and disagreement explained above, it has become necessary for GASPARD to retain an attorney to enforce her rights under ERISA. Plaintiff therefore is entitled to an award of reasonable attorney fees and costs under ERISA, 29 U.S.C. § 1132(g)(1).

WHEREFORE, plaintiff SIMANTHIA GASPARD prays for judgment against defendant UNIVERSITY OF SOUTHERN CALIFORNIA LONG-TERM DISABILITY BENEFIT PLAN, as follows:

1. For a judicial declaration of the parties' respective rights, obligations and liabilities, relative to the matters referred to in Paragraph 18, above;

2.  For plan benefits now due and owing, and an enforcement of plaintiff's rights in that regard, relative to the matters referred to in Paragraph 21, above;

3.  For employee benefits ancillary to the LTD benefits at issue, if any;

4.  For reasonable attorney fees and costs of suit; and

5.  For such other and further relief as the Court deems just and proper.

Dated: August 7, 2017                LAW OFFICE OF ROBERT F. KEEHN


By: _____/s/_____
    Robert F. Keehn, Esq.
    Attorney for Plaintiff
    Simanthia Gaspard